# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GRACE VALENTIN,**

**Plaintiff,**

-vs-                                                              **Case No.  6:13-cv-969-Orl-18DAB**

**FLORIDA BLOOD CENTER,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** **(Doc. No. 2)** |
| **FILED:** | **June 24, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and
Plaintiff's Complaint be **DISMISSED**.

In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or

refuse to permit it to continue without payment of fees "if the court determines that . . . (B) the action

or appeal– (i) is frivolous or malicious; (ii) *fails to state a claim on which relief may be granted*; or

(iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1915(e)(2).

Plaintiff filed her initial Complaint (Doc. No. 1), entitled "EEOC Complaint" alleging

discrimination under Title VII of the Civil Rights Act of 1964 by her former employer, Florida Blood

Center, but alleging no facts about the basis for the alleged discrimination, whether based on

Plaintiff's race, gender, religion, national origin, etc., except that she received a right to sue letter from the EEOC. Doc. 1. She alleges that she was asked to submit to a drug test which came back positive, leading to her termination, because "people in the company [had a] suspicion [I] used the drugs because I had lost weight." Doc. 1. Weight loss, standing alone, as the basis for a drug test, cannot be the basis for relief under Title VII, which as Plaintiff notes in the Complaint must be based on race, color, gender, religion, or national origin. Doc. 1. As currently alleged in Plaintiff's Complaint, Plaintiff's allegations fail to state a claim on which relief can be granted under the standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

The Supreme Court has provided guidance on what constitutes a "well pled" complaint, requiring a plaintiff to supply more than just any conceivable set of facts tending to support a claim, but "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1973, 167 L.Ed.2d 929 (2007). Recently, that Court has explained the two prong approach to evaluating whether a complaint meets this standard:

> As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or " a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with "a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

\*\*\*

But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"– "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. at 677-78.

Under Eleventh Circuit precedent, the trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Cummings v. United States*, No. 6:07cv1029-Orl-22UAM, 2007 WL 2302279, \*2 (July 25, 2007 M.D.Fla. 2007) (citing *Clark v. Georgia Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)). "The pauper's affidavit should not be a broad highway into the federal courts." *Cummings*, 2007 WL 2302279 at \*2 (citing *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir.1984)). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Id.* (citing *Phillips*, 746 F.2d at 785).

The Supreme Court held in *Neitzke v. Williams*, that a district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. 490 U.S. 319, 325 (1989). However, the Eleventh Circuit has held, following the Supreme Court's *Neitzke v. Williams* decision, that a complaint's "failure to state a claim is evidence – perhaps even strong evidence – of its frivolousness," and the court must determine whether the pauper's chances of ultimate success are slight. *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990) (discussing *Neitzke,* 490 U.S. at 325-28). The district court may dismiss even meritorious legal theories under § 1915 if the factual

-3-

allegations in the complaint are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28).

In this case, Plaintiff has not set forth any factual allegations in support of a Title VII claim for discrimination on the basis of race, gender, religion or national origin.  As such, she does not qualify to proceed *in forma pauperis*.  It is recommended that her application be denied and that this action be dismissed if Plaintiff fails to pay the required fees within 14 days of any order adopting or approving this Report and Recommendation. If she requests, Plaintiff should be permitted to amend her complaint if she is able to make the required allegations.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 25, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties

-4-